## RILEY v. THE STATE.

[No. 20,959.  Filed June 25, 1907.]

168    657
171    410

1. INDICTMENT AND INFORMATION.—*Falsely Attesting Deed.—Notaries Public.—Accessories before the Fact.*—An indictment charging defendant as accessory before the fact to a notary public's falsely certifying the acknowledgment of a deed, which deed purported to have been executed by a certain woman to the defendant, is bad, where such indictment shows that such deed was executed by such woman and her husband, it being impossible to ascertain which of such acknowledgments the notary public falsely attested.  p. 659.

2. SAME.—*Allegations.—Assumptions.*—Allegations in an indictment must be positive, and assumptions or recitals of fact will not be indulged.  p. 660.

3. SAME.—*Material Allegations.—Falsely Attesting Deed.—Notaries Public.*—In charging defendant as an accessory before the fact to a notary public's falsely certifying to the acknowledgment of a deed, it is material and essential that such charge show whose acknowledgment was so certified.  p. 660.

4. SAME.—*Written Instruments.—Setting Out.—Statutes.*—Section 1829 Burns 1905, Acts 1905, pp. 584, 624, §188, making it sufficient in an indictment to describe the writing in question by any name or designation by which the same is usually known, has the effect of making it unnecessary to set out the writing in words.  p. 660.

5. CONSTITUTIONAL LAW. — *Criminal Charge.—Certainty.*—Defendant in a criminal case has the constitutional right to demand that the nature and cause of the accusation against him shall be specifically set forth in the indictment.  p. 661.

From White Circuit Court; *L. D. Boyd,* Special Judge.

Prosecution by the State of Indiana against Ella L. Riley.  From a judgment of conviction, defendant appeals.  *Reversed.*

*Reynolds, Sills & Reynolds, Geo. F. Marvin, W. E. Uhl* and *Henry N. Spaan,* for appellant.

*James Bingham,* Attorney-General, *W. C. Geake, H. M. Dowling* and *E. M. White,* for the State.

GILLETT, J.—Appellant appeals from a judgment under which she stands convicted as an accessory before the fact to the act of a notary public in feloniously appending her signature and affixing her official seal, as such notary public, to a false certificate of acknowledgment of a certain deed of real estate. Error is assigned on the overruling of appellant's motion to quash. The principal offense is charged as follows: "That on October 16, 1905, at the county of White, in the State of Indiana, Katherine J. Rodgers, being then and there a notary public duly authorized to take and certify acknowledgments of conveyances, mortgages, and other instruments of writing, did then and there unlawfully and feloniously append her signature and affix her official seal as such notary public to a certificate of acknowledgment of a certain conveyance and deed of real estate required by law to be recorded, and which could not be legally recorded in such State without such acknowledgment and certificate thereof, which said conveyance and deed did then and there purport to be executed by Mary Schneckenburger to Ella L. Riley, conveying certain lands, and is in the words and figures following, to wit: [There is next inserted what purports to be a deed of real estate, in regular form, by Jacob Schneckenburger and Mary Schneckenburger, and following this writing are what purport to be separate certificates of acknowledgment "of the annexed deed," over the signature and seal of Katherine J. Rodgers, as notary public, the first purporting to certify to the acknowledgment of Mary Schneckenburger on December 17, 1903, and the second purporting to certify to the acknowledgment of Jacob Schneckenburger on October 16, 1905.] Whereas, in truth and in fact, at the time of such signing and sealing by said Katherine J. Rodgers as aforesaid, said Mary Schneckenburger had not first acknowledged the execution of such conveyance and deed before said Katherine J. Rodgers, as such notary public, as said Katherine J. Rodgers then and there well knew."

It is contended, in support of the assignment of errors, that the affidavit is insufficient because it does not affirmatively allege that Katherine J. Rodgers certified

1.  to the acknowledgment of Mary Schneckenburger. There can be no doubt that the copy of the deed which is set out is descriptive of the instrument which it is claimed was feloniously certified to, since the pleader charges, immediately after the averment that the deed purported to be executed by Mary Schneckenburger, that such deed was "in the words and figures following." If the prior averment stood alone it would be assumed, on the principle that the expression of one thing is the exclusion of all others, that Mary Schneckenburger was the sole grantor, but this description, correct as far as it goes, is immediately followed by a charge which shows that she was but one of the grantors, thus bringing the case within the rule that that which is expressed puts an end to tacit assumption, or, as it is stated in the Latin, *"Expressum facit cessare tacitum."* Whether the two certificates of acknowledgment which follow the deed are to be considered as a part of it, in the absence of averment to that effect, we need not determine, although we may say that it would be no stretch of construction to assume that what the pleader undertook to set out was an acknowledged deed. See §3335 Burns 1901, §2919 R. S. 1881; §1814 Burns 1905, Acts 1905, pp. 584, 622, §173; *People* v. *Marion* (1874), 29 Mich. 31. At the least, we have a case in which it is disclosed that the deed or instrument which the notary public is charged with having falsely certified to contains the names of two grantors, and in the absence of anything to show whether the certificate which Katherine J. Rodgers is charged with having falsely made was that of the acknowledgment of Mary Schneckenburger or of Jacob Schneckenburger, or even a showing that the notary public certified to the acknowledgment of either of them, it is clear that the charge is hopelessly uncertain. For aught

that appears the act relied on may have been the attaching to said deed of a certificate that some third person had acknowledged it. True, it may be assumed, from the averment which follows the acknowledged deed, that the pleader had a purpose to charge that the certificate which the notary public wrongfully made was a certificate that Mary Schneckenburger had acknowledged the deed, but this can by no means supply an averment to that effect. Facts are to be positively averred in such manner that issue may be taken upon them. Even in civil pleading the assumptions of a pleader will not be permitted to supply issuable facts. *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557; *Malott* v. *Sample* (1905), 164 Ind. 645. Criminal pleadings cannot rest on recitals; much less on assumptions. "All the material facts constituting the offense must be positively alleged." *Dillon* v. *State* (1857), 9 Ind. 408, 413. The allegation which is omitted in the affidavit before us does not relate to matter of inducement, but it goes to the very gravamen of the charge, since its real weight would of necessity lie in such allegation. As stated by Judge Blackford in *Markle* v. *State* (1852), 3 Ind. 535, 536: "It is a general rule that whatever is essential to the gravamen of an indictment must be set out particularly."

The Attorney-General contends for the sufficiency of the affidavit under section 188 of the criminal code (Acts 1905, pp. 584, 624, §1829 Burns 1905). That section is as follows: "In all other cases, except forgery, when it is necessary to make an averment in an indictment or affidavit, as to any instrument, whether the same consists wholly or in part of writing, printing or figures, it shall be sufficient to describe such instrument by any name or designation by which the same is usually known, or by the purport thereof." It is doubtful whether the above section has any effect other than to dispense with the necessity of setting out *in haec verba* the writing on

which the charge is predicated; but we deem it clear that it was not the intent of the lawmaking power to render it unnecessary to go further than to name the character of the instrument. Such a charge, as applied to the criminal denouncement in question, would no more tend to individuate the offense than an accusation which did not go beyond the words of the enactment. A charge so lacking in certainty as that could not be upheld, at least where the facts were accessible, without a disregard of the constitutional right of the defendant "to demand the nature and cause of the accusation against him." *McLaughlin* v. *State* (1873), 45 Ind. 338; *Riggs* v. *State* (1885), 104 Ind. 261.

Judgment reversed, with an order to sustain appellant's motion to quash the affidavit, and for further proceedings.