## WIGGINS v. THE STATE OF INDIANA.

[No. 21,352.   Filed March 19, 1909.]

1.  STATUTES.—*Construction.*—*General, Following Specific, Words.*
    —*Ejusdem Generis.*—Where general words follow specific words
    in a statute, such general words are restricted to the classes or
    kinds described by the specific words.  p. 80.

2.  STATUTES. — *Construction.* — *Enticing   Girls.* — *Immorality.* —
    Under §2356 Burns 1908, Acts 1907, p. 102, providing that any
    male person, over seventeen years of age, who shall entice a girl,
    under eighteen, into "a house of prostitution, assignation, saloon
    or wine-room where intoxicating liquors are sold, or any other
    place for vicious or immoral purposes," shall be guilty of a
    felony, if a conviction is asked for enticing a girl into some
    "other place" it must be shown to be like "a house of prostitu-
    tion, assignation, saloon or wine-room where intoxicating liq-
    uors are sold."  p. 80.

3.  INDICTMENT AND INFORMATION.—*Enticing Girls.*—*Place.*—Under
    §2356 Burns 1908, Acts 1907, p. 102, providing that it shall con-
    stitute a felony for a male person over seventeen years old to
    entice a girl under eighteen years old into "a house of prostitu-
    tion, assignation, saloon or wine-room where intoxicating liquors
    are sold, or any other place for vicious or immoral purposes," an
    affidavit charging that defendant enticed the prosecuting witness
    "into a certain house situated at No. 202 East Broadway street
    in the City of Vincennes," for vicious purposes, is bad, since such
    place is not shown to be a house of prostitution, assignation, or a
    saloon, or like any of them.  p. 80.

4.  STATUTES.—*Construction.*—*Enticing Girls.*—*Purpose.*—*Evidence.*
    —Under §2356 Burns 1908, Acts 1907, p. 102, making it unlawful
    for a male person, over seventeen years of age to entice a girl
    under eighteen into "a house of prostitution, assignation, saloon
    or wine-room where intoxicating liquors are sold, or any other
    place for vicious or immoral purposes" the "immoral purpose"
    must accompany the enticement into any of the places, the mere
    entry into the specified places being *prima facie* proof thereof,
    while such purpose must be proved otherwise where the entice-
    ment occurred at some "other place."  p. 81.

From Gibson Circuit Court; *O. M. Welborn*, Judge.

Prosecution by The State of Indiana against Henry Wig-
gins.   From a judgment of conviction, defendant appeals.
*Reversed.*

*W. W. Medcalf,* for appellant.

*James Bingham,* Attorney-General, *Alexander G. Cavins, Edward M. White* and *William H. Thompson,* for the State.

HADLEY, J.—Section 2356 Burns 1908, Acts 1907, p. 102, reads as follows: "That it shall be unlawful for any male person over the age of seventeen years, to cause, encourage or entice, any female person, other than his wife, under the age of eighteen years, to enter or to accompany any such person into a house of prostitution, assignation, saloon or wine-room where intoxicating liquors are sold, or any other place for vicious or immoral purposes; and any person so offending shall be guilty of a felony and shall be tried for such offense in any court of competent jurisdiction, and upon conviction thereof shall be imprisoned in the state prison not less than two years, and not more than fourteen years; and the fact that such a man shall have entered with such a woman any house of prostitution, assignation, saloon or wine-room where intoxicating liquors are sold shall constitute *prima facie* evidence of criminal intent."

Appellant was convicted under said statute, upon an affidavit which reads as follows: "Agnes Ward swears that Henry Wiggins, at Gibson county, in the State of Indiana, on or about February 9, 1908, being then and there a male person over the age of seventeen years, to wit, thirty-seven years, of age, did then and there unlawfully and feloniously encourage, entice and cause said Agnes Ward, a female person under the age of eighteen years, to wit, fifteen years, of age, to enter into a certain house situated at No. 202 East Broadway street in the city of Vincennes, county of Knox, and State of Indiana, for the purpose of having sexual intercourse with her, said Agnes Ward, she, said Agnes Ward, not then and there being the wife of said Henry Wiggins."

His motion to quash the affidavit was overruled, which ruling is properly before the court for review.

Our attention is called to the language of the statute re-

lating to the place, namely, "a house of prostitution, assignation, saloon or wine-room where intoxicating liquors
1. are sold, or any other place for vicious or immoral purposes," and it is insisted that the words "any other place" clearly carry the interpretation within the firmly established rule of statutory construction known as "*ejusdem generis.*" The rule undoubtedly is that where words of specific and limited signification in a statute are followed by general words of more comprehensive import, the general words shall be construed as embracing only such persons, places and things as are of like kind or class to those designated by the specific words, unless a contrary intention is clearly shown by the statute. *Miller* v. *State* (1889), 121 Ind. 294; *Nichols* v. *State* (1891), 127 Ind. 406; *State* v. *Sopher* (1901), 157 Ind. 360; *State, ex rel.,* v. *Board, etc.* (1904), 162 Ind. 183; *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290; *State, ex rel.,* v. *Jackson* (1907), 168 Ind. 384.

Applying the rule of "*ejusdem generis*" to the clause "or any other place," it must be held to mean some other place, or house, of like character to "a house of pros-
2. titution, assignation, saloon or wine-room where intoxicating liquors are sold;" that is to say, to come within the statute the place described must appear to be of a nature and character which will of itself, in like manner as the specified places, naturally tend to demoralize and precipitate degeneracy in a girl of tender years.

Said rule of construction has not been observed in this case. The words of the affidavit are "into a certain house situated at No. 202 East Broadway street in the city
3. of Vincennes." Criminal pleading requires certainty. The house referred to may have been a reputable dwelling. It may have been the prosecuting witness's residence.

We cannot accept the suggestion of the Attorney-General that the crime is complete when the enticement into any one

of the four places specified has been accomplished,

4. and when to "any other place" it is incomplete, unless attended by a vicious or immoral purpose. The intent, or the vicious and immoral purpose of the statute, characterized the act of enticement into any place. A female under eighteen years of age may be encouraged and induced to enter either of the offending places for a lawful purpose. Errands of mercy and charity are passports to all persons to all places.

The last clause of the statute affects nothing but the proof. If a man enters any one of the places named, with such a woman, the fact of entry constitutes *prima facie* evidence of criminal intent; that is *prima facie* evidence of an entry for a vicious or immoral purpose. In such a case the man is put to the proof that the going into the place was for a lawful purpose. As to places not among those specified in the act, the duty rests upon the State to prove not only the entry, but the vicious and immoral purpose.

The judgment is reversed, with instructions to sustain appellant's motion to quash the affidavit.