CITY OF JEFFERSONVILLE, ET AL. v. NAGLE, ET AL.

[No. 23,616.   Filed June 29, 1921.]

1. STATUTES.—*Construction.*—*General Terms Limited by Preceding Specific Terms.*—A general rule of construction of statutes is that, where words of general meaning follow and refer back to specific words which enumerate several objects of one class, the general words will be understood to include only things of the kind or class specifically mentioned, unless a contrary intention is clearly indicated. p. 72.

2. LICENSES.—*Powers to License Inns.*—*"Places of Public Entertainment."*—*Soft Drink Vendors.*—Section 8655 Burns 1914, Acts 1905 p. 219, providing that the common council of a city shall have power to license, tax, regulate or prohibit all inns, taverns, hotels, restaurants or other "places used or kept for public entertainment" does not authorize a municipality to impose a tax on soft drink vendors, since the phrase "places used or kept for public entertainment" refers to the preceding words, and does not include soft drink vendors, or places where pop and soft drinks are sold. p. 72.

3. LICENSES.—*Powers of Municipality.*—*Statutes.*—A municipality authorized by §8655 Burns 1914, Acts 1905 p. 219, to license, tax, regulate or prohibit taverns, etc., or "places used or kept for public entertainment," cannot, by incorporating in an ordinance a section purporting to define the words of such statute, enlarge the powers conferred upon the council by that statute. p. 75.

From Clark Circuit Court; *James W. Fortune,* Judge.

Action by John Nagle and others against the city of Jeffersonville and others.   From a judgment for plaintiffs, the defendants appeal.   *Affirmed.*

*Wilmer T. Fox,* for appellants.

*J. H. Warder* and *H. F. Dilger,* for appellees.

EWBANK, J.—The appellees asked and obtained a decree enjoining the city of Jeffersonville and certain of its officers, who are its coappellants, from enforcing as against them a city ordinance which forbade, under penalty of a fine for each day of such operation, the keeping or operation of an inn, tavern, hotel, restaurant,

or "other place for public entertainment" in said city without a license, and fixed the license fee at $50 per year, and further declared:

> "That all places where ice cream, soda water, mineral water, lemonade, coca cola, pop, ginger ale, soft drinks or any form of liquid refreshment are sold or permitted to be consumed are places of public entertainment within the meaning of this ordinance."

The complaint alleged that each of the appellees had an established business of selling pop and other soft drinks, and that appellants threatened them with "multifarious prosecutions" under the ordinance for failing to pay the license fee. A demurrer to the complaint for alleged want of facts was overruled, and appellants excepted.

The evidence consisted of certain facts, admitted by appellants to be true, as follows: That each of plaintiffs owned and kept a place in said city wherein pop and other soft drinks were sold, and none of them had a city license under the said ordinance; that appellants other than the city held official positions as stated, and that each of the appellants intended to and would, unless enjoined, bring prosecutions against the appellees for operating said places without such licenses; that the ordinance, as above stated, was regularly passed by the common council, and approved and signed by the mayor, and was duly published; and that the business of each appellee did not consist exclusively of selling pop and other soft drinks, but selling such articles was conducted by each along with some other form of mercantile enterprise.

The trial court found for the appellees and gave judgment enjoining the appellants from prosecuting them for failing to pay license fees or to take out licenses under the ordinance. The motion of appellants for a

new trial, for the alleged reasons that the decision was not sustained by sufficient evidence and was contrary to law, was overruled and appellants excepted, and duly filed their bill of exceptions and perfected an appeal. The errors assigned and relied on are that the trial court erred in overruling the demurrer to the complaint, and in overruling the motion for a new trial.

The briefs of counsel present for decision the single question whether or not the enactment of the ordinance under consideration was within the statutory powers of the common council, so far as it purported to apply to places where pop and soft drinks were sold.

The statute conferring and defining the powers of city councils expressly provides that the common council of a city shall have power by ordinance "To license, tax and regulate *or prohibit* all inns, taverns, hotels, restaurants or other places used or kept for public entertainment," * * * and "to carry out the objects of the corporation not herein before particularly specified." §8655, cls. 39, 53, Burns 1914, Acts 1905 p. 219.

A general rule for the construction of statutes is that where words of general meaning, such as "other places used or kept for public entertainment," follow

1. and refer back to specific words which enumerate several objects of one class, the general words will be understood to cover only things of the kind or class to which those things belong that are specifically mentioned, unless a contrary intention is clearly shown by the statute. *State* v. *Wiggam* (1918), 187 Ind. 159, 162, 118 N. E. 684; *Wiggins* v. *State* (1909), 172 Ind. 78, 80, 87 N. E. 718.

Counsel for appellant insist that places for the sale of "soft drinks" are "used or kept for public entertainment" in the same sense as a restaurant; that at

2. a restaurant a customer obtains food and drink, with facilities for eating and drinking what he

purchases, and that the same is true of shops that dispense pop and other soft drinks.

But it is obvious that the legislature did not understand the words "other places used or kept for public entertainment" to embrace all places where food and drink were sold to be consumed on the premises, for the very next subdivision of the same section conferred authority by ordinance "to license, tax, regulate and restrain all * * * places where intoxicating liquors are kept for sale, to be used in and upon the premises." §8655 cl. 40, Burns 1914, *supra.* And that it did not intend them to be understood in the broad sense of including all places of public resort for all kinds of "entertainment" is further shown by the fact that other subdivisions of the same section of the statute provide for the enactment of ordinances regulating public markets and market places and the sale of all kinds of food and provisions, and grant power "to regulate, license, tax, restrain or prohibit theatrical and all other exhibitions, shows, or entertainments," and to regulate, restrain or prohibit bathing in the rivers or public waters of the city. §8655, cls. 20, 21, 33, 47, Burns 1914, *supra.* The history of this section of the statute also indicates that the words "public entertainment," as used in the subdivision of the statute now under consideration, were intended to have a limited application. The first general statute for the incorporation of cities authorized the council, by ordinance, to regulate and restrain theatrical exhibitions and public shows and bathing in the rivers and public waters of the city, but said nothing about inns, taverns, hotels and restaurants. 1 R. S. 1852 p. 210, §35, cls. 12, 15. The next year an attempt was made to amend this statute so as to confer power also to regulate, restrain, and, if necessary, prohibit, "all inns, taverns, shops or other places used or kept for public entertainment and for the sale of

articles (meaning intoxicating liquors) to be used in, and upon the premises," though the amending statute was not properly drawn. Acts 1853, ch. 14, p. 22. Four years later a new act for the incorporation of cities was passed which provided for regulating theatrical exhibitions and public shows, bathing places, public markets and "all inns, taverns or other places used or kept for public entertainment; also all shops or other places kept for the sale of articles to be used in and upon the premises." These provisions remained unchanged for many years. Acts 1857 p. 52, §35, cls. 13, 15, 19, 31; Acts 1865 p. 16, §34, cls. 13, 15, 19, 30; Acts 1867 p. 55, §53, cls. 13, 15, 19, 29; Acts 1873 p. 50, §1, cls. 13, 15, 19, 29, §3106 cls. 13, 15, 19, 29, R. S. 1881. But in 1895, the general statute for the incorporation of cities was amended by substituting for the clause above quoted the following: "To license, regulate, and restrain all shops, inns, taverns, or other places where intoxicating liquors are kept for sale, to be used in and upon the premises," etc. Acts 1895 p. 182, cl. 13.

In the meantime "hotels and restaurants" had been added to "all inns, taverns  *  *  *  or other places used or kept for public entertainment" which the city might "tax, regulate or prohibit" by ordinance, under the special charters granted to Indianapolis, Evansville and Fort Wayne. Acts 1891 p. 148; Acts 1893 p. 77; Acts 1893 p. 213. And, when the general statute for the incorporation of cities was revised, in 1905, the language of those special charters on the subject of the power to enact ordinances was copied into it, and has since remained unchanged. §8655, cl. 39, Burns 1914, *supra*.

This review of the history and development of the statute shows that from 1857, when the expression "all inns, taverns, or other places kept for public entertainment" was first used in the general statute, until 1891,

when hotels and restaurants were first mentioned in the Indianapolis city charter, being a period of thirty-four years, the "places kept for public entertainment" were named only as belonging to the class of "inns and taverns," while shops for the sale of intoxicating liquors to be drank on the premises, public markets and places where food and provisions were sold, theatrical exhibitions and shows, and public bathing places, were enumerated as distinct classes of places to be regulated; though the "entertainment" afforded by any of them bears as much resemblance to what is obtained in inns and taverns as it does to what is furnished by places kept for the sale of soft drinks.

We are convinced that the words "other places used or kept for public entertainment," as used in the statute under consideration, do not embrace places where

3.   the owners sell pop and soft drinks, but do nothing else toward furnishing public entertainment. And, of course, putting in the ordinance a section purporting to define the words of the statute could not operate to enlarge the powers conferred upon the council by that statute.

The judgment is affirmed.