# BARTLES *v.* CITY OF GARRETT.

[No. 13,410.   Filed May 16, 1929.]

P. L. DeVita, for appellant.
Finley A. Nash, for appellee.

LOCKYEAR, J.—This is an action wherein the appellant, Alvey C. Bartles, sued the city of Garrett, Indiana, to recover damages for breach of a contract entered into between appellant Bartles and the appellee, for the erection of a certain public building known as a "community building," to be built according to plans and specifications under authority of a certain resolution enacted by the common council of the city, and entered into September 10, 1925.

The complaint alleged that, after the execution of the contract, the appellant, in compliance therewith, proceeded upon the performance of the contract according to the plans and specifications, and proceeded with the actual erection of said community building, and had supplied labor and material in the sum of $900 and proceeded with the excavation and erection of the foundation, when he was notified by the mayor and the council of said city to cease operations. He thereupon brought this action and prayed judgment in the sum of $10,000 for breach of said contract.

Demurrer was filed to the complaint, which demurrer was sustained by the court. Appellant refused to plead further and judgment was rendered against him, and he brought this appeal. The grounds of the demurrer were that the complaint did not state facts sufficient to constitute a cause of action, for the reason that the complaint did not disclose that the mayor or common council

had any authority to authorize the execution of the contract sued upon, and that there was no authority delegated to the mayor or common council to build such a building or enter upon such a contract.

The appellant contends that the power is granted by §10284 Burns 1926, Acts 1905 p. 236, and relies upon subd. 51 of that act which reads "The common council of every city shall have the power to enact an ordinance for the following purposes: . . . to establish, maintain and regulate pounds, market houses, market places, houses of refuge, pest houses, hospitals, dispensaries, engine houses and other public city institutions." Subd. 53, reads, "To carry out the objects of the corporation, not hereinbefore particularly specified."

It is a principle of statutory construction everywhere recognized and acted upon not only with respect to penal statutes, but to those affecting only civil rights and duties, that, where words particularly designating specific acts or things are followed by and associated with words of general import, comprehensively designating acts or things, the latter are generally to be regarded as comprehending only matters of the same kind or class as those particularly stated under the doctrine of *ejusdem generis*. 2 Lewis, Sutherland Statutory Construction (2d ed.) §422, p. 815, and cases there cited.

The statute under which a municipal corporation is created is its organic act. Such a corporation can exercise only the following powers: (1) Those granted in express words; (2) those necessarily implied in or incident to the powers expressly granted; and (3) those essential to the declared objects and purposes of the corporation—not simply convenient, but indispensable. 1 Dillon, Municipal Corporations (5th ed.) §237, p. 449, and cases there cited. *Muncie Nat. Gas Co.* v. *City of Muncie* (1903), 160 Ind. 97, 66 N. E. 436, 60 L. R. A. 822; *Pittsburgh, etc., R. Co.* v. *Town of*

*Crown Point* (1896), 146 Ind. 421, 45 N. E. 587, 35 L. R. A. 684; *Kyle* v. *Malin* (1856), 8 Ind. 34; *Smith* v. *City of Madison* (1855), 7 Ind. 86.

The presumption is that any power has been withheld that is not expressed or fairly implied, and therefore all reasonable doubts as to the existence of a power in a municipality must be resolved against it. *Lake County Water & Light Co.* v. *Walsh* (1902), 160 Ind. 32, 65 N. E. 530, 98 Am. St. 264; *State, ex rel.,* v. *Indianapolis Union R. Co.* (1903), 160 Ind. 45, 66 N. E. 163, 60 L. R. A. 831.

Nor can the appellant complain that he has expended money and furnished labor and material in carrying out his part of the contract. One who deals with public officers with limited statutory powers is bound to ascertain the scope of their authority and he cannot claim an estoppel upon acts done by them in excess of their authority. *Platter* v. *Board, etc.* (1885), 103 Ind. 360, 2 N. E. 544; *Shea* v. *City of Muncie* (1897), 148 Ind. 14, 46 N. E. 138; *Scott* v. *City of LaPorte* (1903), 162 Ind. 34, 68 N. E. 278.

The case of *Scott* v. *City of LaPorte, supra,* holds that a municipal corporation can exercise such powers only as are granted in express words, as are necessarily incident to the powers expressly granted, or as are essential to its declared objects and purposes.

The general rule is that a city has power under the general law to erect buildings designated and adapted to certain legitimate interests of the municipality, for example, a city hall, city council chamber, and the like, and if, in connection therewith, the buildings are such that the public may be allowed to use the same as a hall for lectures, entertainments and public meeting places, it will not be outside the general powers granted to municipalities. The question herein involved is fully discussed in the case of *Brooks* v. *Town of*

*Brooklyn* (1910), 146 Iowa 136, 124 N. W. 868, also reported in 26 L. R. A. (N. S.) 425, with copious notes and citations of authority to which we refer.

A perusal of the statutes of this state will disclose the fact that public buildings such as auditoriums, coliseums, natatoriums and the like are permitted to be built only under acts authorizing the several kinds of buildings mentioned and are generally authorized by petition or by special election called for the purpose of authorizing the same. Park boards and public school boards are also given authority under special acts to make public improvements and erect buildings.

The appellant does not point out any statute under which authority was specifically given to the mayor and the common council of the city of Garrett, or a city of the class in which Garrett belongs, to enter into such a contract, and we have been unable to find any such authority. We, therefore, hold that the court did not err in sustaining the demurrer to the appellant's complaint.

Judgment affirmed.