CHIEF EAGLE FEATHER ET AL. *v.* STATE OF INDIANA.

[No. 13,665.   Filed June 27, 1929.]

*Ralph H. Spaugh* and *C. J. Kollmeyer*, for appellants.
*Arthur L. Gilliom*, Attorney-General, and *Bernard A. Keltner*, Deputy Attorney-General, for the State.

ENLOE, J.—The appellants, Chief Eagle Feather, Princess Silverheels and Charles F. Crump, were tried and convicted of maintaining a nuisance—a place where persons were permitted to resort for the purpose of drinking intoxicating liquor as a beverage—in violation of §2740 Burns 1926. Their joint and several motion for a new trial was overruled, and they prosecute this appeal, presenting as alleged errors: (a) The overruling of their motion to quash the affidavit; and (b) the overrul-

ing of their motion for a new trial, under which last specification they present alleged error in the giving of certain instructions, and that the verdict is not sustained by sufficient evidence.

It appears from the record that in 1925, Chief Eagle Feather and his wife, Princess Silverheels, purchased 100 acres of land, unfenced, in Brown county, Indiana, paying therefor the sum of $700; that this land was located on State Road 26, east of Nashville, and on the highway leading from Nashville to Columbus, and that, after said appellants purchased the land, they called it "Ookomis Indian Reservation"; that the appellant Chief Eagle Feather is a Cherokee Indian; that he is a "medicine man," and gathers roots and herbs, from which he prepares and sells medicine under the name of "Indian Medicine."

It also appears that, in 1926, he and his wife conceived the idea of operating an "amusement park" upon said land, and in July of that year they entered into a contract with Charles F. Crump, also appellant herein, by which Crump was to advance the money and build what buildings were needed to operate such enterprise, and was to receive all the profits therefrom until he should be fully paid for money advanced, after which he was to receive one-half of the profits therefrom, the agreement covering a five-year period. Under this agreement, Crump constructed a covered dancing pavilion, forty by sixty feet, which was located in the timber at some distance from the log-cabin residence of Eagle Feather. Concessions were let to persons for refreshment stands, and the place opened as an amusement park.

On June 4, 1927, a raiding party led by one Carl Losey, of Franklin, Indiana, and armed with a search warrant, went to these grounds. An automobile in which some of the raiding party had come to the grounds was stopped on a bridge across a ravine a short distance from the

pavilion, and thereby the way of exit from said grounds was blocked. The officers read the search warrant to the employee in charge, and announced their purpose in coming to the place, when a party in an automobile then on the grounds attempted to leave the premises, but, finding the road blocked, he threw from his automobile a quart jar containing white whisky, which jar the officers obtained. They also searched that part of the premises where patrons parked their automobiles, and there found some empty pop and coca-cola bottles which, from their smell, had contained whisky. The record does not disclose that any building or structure was searched. The affidavit charging the appellants with maintaining a nuisance was filed September 20, 1927.

The appellants first challenge the sufficiency of the affidavit herein, to which their motion to quash was overruled. While said affidavit contains matters which are surplusage, yet it distinctly charges an offense to have been committed on June 4, 1927, and was sufficient as against a motion to quash.

We shall next consider the sufficiency of the evidence, and, in so doing, we must keep in mind the statute, with the violation of which the appellants were charged, and also keep in mind a portion of §2741 Burns 1926. Section 2740 Burns 1926, so far as the same is herein involved, is as follows: "Any room, house, building, boat, structure or place of any kind where intoxicating liquor is sold, manufactured, bartered, or given away in violation of law, or where persons are permitted to resort for the purpose of drinking intoxicating liquor as a beverage, or any place where such liquor is kept for sale, barter or gift in violation of the laws of this state, and all intoxicating liquor, and all property kept in and used in maintaining such a place, are hereby declared to be a common nuisance; and any person who maintains, or assists in

maintaining, such common nuisance shall be guilty of a misdemeanor," etc.

It will be noted that the statute says: *Any room, house, building, boat, structure,* or *place* of any kind where intoxicating liquors are sold, etc., is declared to be a nuisance, and in §2741, provision is made for the closing of such *place* by injunctive relief, etc., and the question at once arises: What are the places which may be, within §2740, a nuisance, and closed under the provisions of §2741?

In Sutherland, Statutory Construction §268, p. 351, it is said: "Where there are general words following particular and specific words, the former must be confined to things of the same kind." This rule of construction is peculiarly applicable to criminal statutes, which are always strictly construed. It was applied in construing a statute which provided that "no tradesman, artificer, workman, laborer, *or other person whatsoever,* shall do or exercise any labor, business, or work of their ordinary calling upon the Lord's day," and it was held that such statute did not cover a farmer, a stage driver, or an attorney, the rule of *ejusdem generis* being applied. *Reg.* v. *Cleworth* (1864), 4 B. & S. (Eng.) 927; *Sandiman* v. *Breach* (1827), 7 B. & C. (Eng.) 96; *Peate* v. *Dicken* (1834), 1 C. M. & R. (Eng.) 422. In the case of *Wiggins* v. *State* (1909), 172 Ind. 78, 87 N. E. 718, Wiggins had been charged by affidavit with violating §2356 Burns 1908, which statute provided: "That it shall be unlawful for any male person over the age of seventeen years, to cause, encourage, or entice any female person, other than his wife, under the age of eighteen years, to enter or to accompany any such person into a house of prostitution, assignation, saloon, or wine room where intoxicating liquors are sold, *or to any other place for vicious or immoral purposes.*" (Our italics.) In construing this statute, the court, speaking by

Hadley, J., said: "Our attention is called to the language of the statute relating to the place, namely, 'a house of prostitution, assignation, saloon, or wine room where intoxicating liquors are sold, or any other place for vicious or immoral purposes,' and it is insisted that the words 'any other place' clearly carry the interpretation within the firmly established rule of statutory construction known as '*ejusdem generis*.' The rule undoubtedly is that where words of specific and limited signification in a statute are followed by general words of more comprehensive import, the general words shall be construed as embracing only such persons, places and things as are of like kind or class to those designated by the specific words, unless the contrary intent is clearly shown by the statute." See, also, *State* v. *Wiggam* (1918), 187 Ind. 159, 118 N. E. 684; *City of Jeffersonville* v. *Nagle* (1921), 191 Ind. 70, 132 N. E. 4.

Applying the above-mentioned rule of construction to the section of our statute upon which the prosecution is based, we are compelled to hold that the only place which may become a nuisance under said §2740, is a *room, house, building, boat, or structure* where intoxicating liquors are sold, etc., or where persons are permitted to resort for the purpose of drinking intoxicating liquor as a beverage. Had these grounds been entirely enclosed by some structure so that admission thereto could be had only by an "entrance gate," a different question would have been presented, and when, in connection with said §2740, we consider §2741, which provides that the court, by its injunctive order, may close any such "room, house, building, boat, or structure," we are confirmed in the construction we have placed upon said section.

In this case these grounds were unenclosed; the dance pavilion was situate in the timber, and while there is some

evidence that some of the patrons of the place did drink liquor on the premises, this drinking was not at or in the dance pavilion, but was back among the automobiles, parked at some distance from the pavilion. There is no evidence that such drinking was with or by the permission of appellants; there is no evidence that any liquor was kept in any of the buildings or structures on said premises by any of the appellants. On the other hand, the evidence is uncontradicted that the said premises were "posted" with notices warning persons against bringing liquor upon the grounds, and that Chief Eagle Feather, from the platform of the dance pavilion, frequently told the visitors and patrons that they must not bring or drink liquor on those premises, that such conduct would not be tolerated. The verdict in this case is not supported by sufficient evidence. Having reached this conclusion, it will not be necessary to consider any of the challenged instructions.

Reversed, with instructions to sustain the motion for a new trial, and for further proceedings in harmony with this opinion.