234 Ind. 17 (1954)
122 N.E.2d 82
SHORT
v.
STATE OF INDIANA.
No. 29,145.
Supreme Court of Indiana.
Filed October 21, 1954.
Rehearing denied December 13, 1954.
*19 John G. Bunner, of Evansville, for appellant.
Edwin K. Steers, Attorney General, and Carl Humble, Deputy Attorney General, for appellee.
GILKISON, J.
On April 27, 1953, appellant was charged by affidavit in the trial court. Omitting caption, signature, verification and endorsements the affidavit is as follows:
"Jess Julian being duly sworn upon his oath says that Robert Maloney Short on or about the 15th day of December, A.D. 1952, at said County and State as affiant verily believes did then and there unlawfully, forcibly and feloniously take from the person of and the possession of Fred C. Luhring, by violence and putting the said Fred C. Luhring in fear, certain personal property, to-wit: Three Thousand dollars ($3,000.00) in lawful and current money of the United States of America of the personal property of said Fred C. Luhring, and while engaged in the commission of said robbery, the said Robert Maloney Short inflicted physical injury upon the person of the said Fred C. Luhring with a soft drink bottle.
"Then and there being contrary to the form of the Statute, in such cases made and provided, and against the peace and dignity of the State of Indiana."
Thereafter appellant filed his motion to quash the affidavit which, omitting caption and signature is as follows:
(1) "The facts stated in said affidavit do not constitute a public offense. (2) "The affidavit does not state the offense with sufficient certainty. (3) *20 "The affidavit contains matter which constitutes a legal justification of the offense charged."
The motion to quash was overruled. On May 4, 1953, appellant, upon arraignment entered his specific plea of not guilty to the charge of inflicting an injury in the commission of a robbery. No other plea was ever entered. Later, on September 11, 1953, appellant filed his motion to require the state to separate and number the alleged two charges in the affidavit into a count of robbery and a count of inflicting an injury while engaged in the commission of a robbery. This motion was overruled. Thereafter, on September 21, 1953, appellant filed his motion to strike out that part of the affidavit in substance as follows:
"... and while engaged in the commission of said robbery, the said Robert Molaney Short inflicted physical injury upon the person of the said Fred C. Luhring with a soft drink bottle, ..."
The motion is based upon the reason that a soft drink bottle is not ejusdem generis to the class of weapons specifically described in the statute. This motion was overruled. Upon trial by jury, the verdict was as follows:
"We, the jury, find the defendant guilty of inflicting an injury in the commission of a robbery as charged in the affidavit herein."
Appellant then filed his motion for arrest of judgment for the reason:
"That the facts stated in the affidavit herein do not constitute a public offense."
The record does not show that the court ruled upon this motion. However, this precise question was presented to the court in the motion to quash the indictment and was definitely passed upon by the court.
*21 The motion for new trial presents questions for our consideration as follows: (1) Overruling the motion to require the state to separate and number the alleged two charges stated in the affidavit. (2) Overruling the motion to strike out parts of the affidavit. (3) Overruling the motion to quash the affidavit. (4) Overruling the motion in arrest of judgment. Since neither the evidence nor the instructions are in the record no question is presented concerning the court's instructions, the ruling on the motion for a directed verdict, the sufficiency of the evidence to sustain the verdict, nor that the verdict is contrary to law. Secs. 9-2105, Burns' 1942 Repl. 2-3111, Burns' 1946 Repl.; Rhodes v. State (1930), 202 Ind. 159, 162, 175, 171 N.E. 301, 172 N.E. 176. The motions to require the state to separate and number the alleged two charges stated in the affidavit and to strike out a part of the affidavit having been filed long after the entry of the general plea without any effort to withdraw the general plea, came too late and for this reason each was properly overruled. Joy v. State (1860), 14 Ind. 139, 145; West v. State (1874), 48 Ind. 483, 484; Epps v. State (1885), 102 Ind. 539, 544, 1 N.E. 491; Laycock v. State (1893), 136 Ind. 217, 222, 36 N.E. 137. However the matters sought to be presented thereby, are presented in the motion to quash. Torphy v. State (1918), 187 Ind. 73, 75, 118 N.E. 355; Voyles v. State (1929), 200 Ind. 531, 533, 165 N.E. 322.
In charging the crime of inflicting an injury with a dangerous or deadly weapon while engaged in a robbery, it is proper in a single count, to plead the robbery as defined in the first sentence of Sec. 10-4101, Burns' 1942 Repl. and then plead the infliction of the injury as provided in the second sentence of that section. By filing the single count, the *22 state elected to waive the robbery charge, and to rely solely upon the charge of inflicting an injury with a dangerous or deadly weapon in the commission of a robbery. Short v. State (1878), 63 Ind. 376. No error was committed in overruling the motion to quash the affidavit because of this joinder.
Appellant invokes the rule of "Ejusdem Generis" in interpreting the legislative intent as to that part of Section 10-4101 supra, involved in this appeal. That rule, in substance, is that when words of specific or limited signification in a statute are followed by general words of more comprehensive import, the general words are construed to embrace only such things as are of like kind or class with those designated by the specific words, unless a contrary intention is clearly expressed. Dowd v. Sullivan (1940), 217 Ind. 196, 201, 27 N.E.2d 82; McNamara v. State (1932), 203 Ind. 596, 600, and cases there cited, 181 N.E. 512; Yarlott v. Brown (1923), 192 Ind. 648, 653, 138 N.E. 17; Wiggins v. State (1909), 172 Ind. 78, 80, 87 N.E. 718; Nichols v. State (1890), 127 Ind. 406, 408, 26 N.E. 839; City of Jeffersonville v. Nagle (1921), 191 Ind. 70, 72, 132 N.E. 4; Marter v. City of Vincennes (1948), 118 Ind. App. 586, 590, 82 N.E.2d 410; Chief Eagle Feather v. State (1929), 89 Ind. App. 500, 504, 167 N.E. 147; Bartles v. City of Garrett (1929), 89 Ind. App. 349, 351, 166 N.E. 437.
Criminal statutes as well as penal, must be strictly construed against the state and in favor of a defendant where construction is necessary. Shutt v. State (1954), 233 Ind. 169, 117 N.E.2d 268; Gingerich v. State (1950), 228 Ind. 440, 445, 93 N.E.2d 180; Caudill v. State (1946), 224 Ind. 531, 534, 69 N.E.2d 549; Moag v. State (1941), 218 Ind. 135, *23 31 N.E.2d 629; Sheets v. State (1940), 217 Ind. 676, 682, 30 N.E.2d 309; Vanhook v. State (1840), 5 Blkfd. 450.
Notwithstanding the rules noted above, the construction of penal statutes should not be wantonly narowed so as to exclude the cases that are fairly covered by them. Caudill v. State (1946), 224 Ind. 531, 534, supra. A criminal statute should be interpreted so as to give efficient operation to the expressed intent of the legislature, if reasonably possible. Morris v. State (1949), 227 Ind. 630, 632, 88 N.E.2d 328; State v. Griffin (1948), 226 Ind. 279, 284, and cases there cited, 79 N.E.2d 537.
The statute upon which the prosecution is based is as follows:
"Robbery  Assault and battery with intent to commit robbery  Physical injury inflicted in robbery or attempt  Penalty.  Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten (10) years nor more than twenty-five (25) years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period. Whoever inflicts any wound or other physical injury upon any person with any firearm, dirk, stiletto, bludgeon, billy, club, blackjack, or any other deadly or dangerous weapon or instrument while engaged in the commission of a robbery, or while attempting to commit a robbery, shall, upon conviction, be imprisoned in the state prison for life." Sec. 10-4101 Burns' 1942 Repl.
A soft drink bottle is not designed to be either an offensive or defensive weapon, but the experience of man teaches us that it may be so used. Among other weapons, the use of which is forbidden by the statute are: "bludgeon, billy, club, blackjack." A soft drink bottle could be used in the capacity of either of these weapons, with like results to the victim. *24 If so used in a robbery, it would be ejusdem generis with these weapons. It was the evident intent of the legislature to inflict heavy punishment upon anyone engaging in such violence. No error was committed in overruling the motion to quash the affidavit on this ground.
Finding no reversible error in the record, the judgment is affirmed.
Emmert, J., dissenting.

DISSENTING OPINION
EMMERT, J.
When we condone a sloppy pleading we invite a repetition of further loose practice in the drafting of indictments and affidavits, as well as violate our own Bill of Rights which requires, "In all criminal prosecutions, the accused shall have the right ... to demand the nature and cause of the accusation against him, and to have a copy thereof...." Section 13, Article 1, Constitution of Indiana. Riley v. State (1907), 168 Ind. 657, 81 N.E. 726. When the state has committed reversible error, it is not cured by ignoring the well settled authorities, or by presuming that the accused is guilty in the first place. To reason that the accused was not misled by this affidavit is to presume that he was guilty, instead of presuming that he was innocent, as the law requires. If our Constitution is going to mean anything, we cannot afford to adopt the judicial policy that the end justifies the means.
The majority opinion correctly states the rule of ejusdem generis, and then refuses to follow it. The same is true with the rule construing criminal statutes against the state and in favor of the defendant. Under the rule of ejusdem generis, as stated in the majority opinion, generic terms "embrace only such things as are of like kind or class with those designated by the *25 specific words." The affidavit does not charge an injury was inflicted with a deadly and dangerous weapon and instrument, to-wit: a soft drink bottle, so the state asks us to take judicial notice that a soft drink bottle is a deadly or dangerous weapon like a bludgeon, a billy, a club, or a blackjack. This we have no right to do.
The state does not allege what kind of a soft drink bottle was used, its construction, whether it was full or empty, how big or little it was, or whether it was broken or intact. Obviously we cannot take judicial notice of the mineral content of the glass which would have a great deal to do with its ability to withstand shock. Nor can we take judicial notice as to whether it was ribbed or plain, whether the body was thick, medium or thin, whether it was cracked or sound. The state might as well have alleged the physical injury was inflicted with a cane, and expect such allegation to be sustained when attacked by a motion to quash, when such an allegation would permit introduction of evidence that the defendant used a sword cane, a loaded cane, a heavy stockman's cane, or a quarter inch bamboo cane weighing a few ounces.
Appellant filed a proper motion to quash, later followed by a motion in arrest of judgment, and the affidavit did not state a public offense, nor did it state the offense with sufficient certainty. The defect was called to the attention of the state, and it chose to ignore the warning properly raised by the appellant. There is no excuse or justification for not reversing this case.
The case of Caudill v. State (1946), 224 Ind. 531, 69 N.E.2d 549, supra, is no authority for holding this affidavit good, for in the Caudill case the accused was charged with statutory rape in the exact language of *26 the statute, which fully complied with § 13 of Article 1 of our Constitution as well as the well recognized rules for pleading a criminal offense.
Nor will the loose statement contained in too many cases (McCool v. State (1864), 23 Ind. 127; Garrison v. State (1935), 208 Ind. 690, 193 N.E. 587; Beneks v. State (1935), 208 Ind. 317, 196 N.E. 73; Switzer v. State (1937), 211 Ind. 690, 8 N.E.2d 80; Maddox v. State (1938), 213 Ind. 537, 12 N.E.2d 947), that the law does not require greater certainty in criminal than in civil pleadings, stand in the face of numerous well reasoned cases in criminal appeals to the contrary. The criminal code has no statutory provision, as contained in § 2-1005, Burns' 1946 Replacement, making a pleading of conclusions good except when attacked by a motion to make more specific. When a civil complaint is tested by demurrer, all presumptions are in favor of the complaint and the demurrer not only admits the facts specifically alleged, but also the facts that can be implied from other allegations by reasonable and fair intendment. I Lowe's Work's Ind. Practice § 14.39, p. 565. Lincoln Operating Co. v. Gillis (1953), 232 Ind. 551, 114 N.E.2d 873; Rochester Bridge Co. v. McNeill (1919), 188 Ind. 432, 439, 122 N.E. 662; Domestic Block Coal Co. v. DeArmey (1913), 179 Ind. 592, 100 N.E. 675, 102 N.E. 99; Vandalia Coal Co. v. Coakley (1913), 184 Ind. 661, 111 N.E. 426. On the other hand, in criminal cases "It is a familiar rule that every fact necessary to constitute a crime must be directly and positively alleged in the affidavit or indictment. Hewitt v. State (1908), 171 Ind. 283, 86 N.E. 63; State v. Metsker (1907), 169 Ind. 555, 83 N.E. 241." State v. Price (1934), 206 Ind. 498, 501, 190 N.E. 174. And, "Where an indictment or affidavit is uncertain or ambiguous, or where its language admits *27 of more than one construction, all reasonable doubts are to be resolved in favor of the accused and it will be construed most strongly against the state. McNamara v. State (1932), 203 Ind. 596, 181 N.E. 512; Hunt v. State (1927), 199 Ind. 550, 159 N.E. 149; Littell v. State (1893), 133 Ind. 577, 33 N.E. 417." Bruce v. State (1952), 230 Ind. 413, 417, 104 N.E.2d 129.
"The rules of criminal pleading contemplate the innocence of the accused and are assumed to contain enough to inform an innocent man of the facts to be shown against him....
"An indictment must state the facts and circumstances which constitute the offense charged with certainty and precision; and every material circumstance in regard to time and place, must be averred with that degree of certainty which is sufficient, to exclude every other intendment." Alderson v. State (1924), 196 Ind. 22, 28, 29, 145 N.E. 572.
I would reverse the judgment with instructions to the trial court to sustain appellant's motion to quash.
NOTE.  Reported in 122 N.E.2d 82.