KIDWELL *v.* STATE OF INDIANA.

[No. 30,692. Filed November 8, 1967. Rehearing denied January 22, 1968.]

*Ferd Samper,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

HUNTER, C. J.—This is an appeal from a conviction on a charge of commission of a felony, to-wit: rape, while armed with a deadly weapon. Appellant was charged by affidavit which, in pertinent part, reads as follows:

> "BE IT REMEMBERED, That, on this day before me, Noble R. Pearcy, Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came James F. Mellene who, being duly sworn, upon his oath says that James Larry Kidwell on or about the 6th day of February, A.D., 1964, at and in the County of Marion in the State of Indiana, being then and there over the age of sixteen (16) years, did then and there unlawfully and feloniously commit the crime of rape, by then and there having carnal knowledge of Isabel J. Hemmingsen, a woman, forcibly against her will, she, the said Isabel J. Hemmingsen then and there not being the wife of said James Larry Kidwell, while he the said James Larry Kidwell was then and there armed with a deadly weapon, to-wit: a knife then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The appellant's sole contention is that the facts stated in the affidavit do not constitute a public offence. More specifically the appellant contends that a knife is not a deadly or dangerous weapon as contemplated and intended under Ind. Anno. Stat. § 10-4709 (Supp. 1967). The relevant portions of that statute read as follows:

> "Any person who being over sixteen (16) years of age, commits or attempts to commit either the crime of rape, robbery, bank robbery, or theft while armed with a pistol,

revolver, rifle, shotgun, machine gun or any other firearm or any dangerous or deadly weapon, or while any other person present and aiding or assisting in committing or attempting to commit either of said crimes is armed with any of said weapons, shall be guilty of a separate felony in addition to the crimes above named . . ."

It is the appellant's contention that the use of a knife to threaten and compel the prosecuting witness to submit to rape does not constitute a violation of § 10-4709, *supra*, since compulsion to such submission by use of a knife is not within the purview of the statute. In support of this contention appellant relies upon the doctrine of *Ejusdem Generis*.

Under the doctrine of *Ejusdem Generis*, when words of specific or limited signification in a statute are followed by general words of more comprehensive import, the general words are construed to embrace only such things as are of like kind or class with those designated by the specific words, unless a contrary intention is clearly expressed. *Short* v. *State* (1954), 234 Ind. 17, 122 N. E. 2d 82 and cases cited therein.

But *Ejusdem Generis* is not a doctrine of mandatory application. It is merely one method available for determining the legislative intent in connection with a statute. *Woods* v. *State* (1957), 236 Ind. 423, 140 N. E. 2d 752. The only purpose of *Ejusdem Generis* is to aid the courts in determining the true meaning of a statute. It should not become a device for unduly narrowing the scope and operation of statutes to an extent never envisioned by the General Assembly. *Sherfey* v. *City of Brazil* (1938), 213 Ind. 493, 13 N. E. 2d 568.

Too often it seems the doctrine is employed judicially to exclude cases from the scope of a statute when the language of the statute is clearly applicable to them. In other words the doctrine is often used to obviate legislative intent under the guise of judicial interpretation.

In the case at bar, an examination of the pertinent parts of § 10-4709, *supra,* reveals that after the enumeration of several specific firearms, there follow *two* sets of general words referring to the weapons, the use of which is proscribed. Following the enumeration of "pistol, revolver, rifle, shotgun, machine gun" appears the phrase "or any other firearm." At that point, the entire spectrum of possible weapons which use gunpowder are included within the proscription of the statute. If the General Assembly had intended to include only firearms within the scope of the statute, any further reference to the included weapons became unnecessary. However, there follows a second phrase, even more general in scope, to-wit: "or any dangerous or deadly weapon." This latter phrase is either surplusage, or it is not. We believe it is not.

> "A word or a clause in a statute is to be treated as surplusage only when no other possible course is open." *Lincoln National Bank and Trust Co.* v. *Nathan et al.* (1939), 215 Ind. 178, 19 N. E. 2d 243.

Both the natural import of the verbal combination presented by the statute, and the thrust of the *Lincoln National Bank* case, *supra,* require that effect be given to the words *"or any dangerous or deadly weapon."*

Therefore, we conclude that the phrase "or any dangerous or deadly weapon," is used in § 10-4709, *supra,* in a disjunctive manner with respect to the specific enumeration and general reference to firearms immediately preceding it; and that "or any dangerous or deadly weapon" constitutes an independent reference to any weapon other than a firearm that may be employed in a dangerous or deadly manner in committing one of the crimes enumerated by the section.

Whether a particular object is or is not a dangerous or deadly weapon depends in many cases upon the manner in

which it is used. And therefore, whether the affidavit in this case stated facts constituting a public offence depends upon how the knife was shown to have been used. In *Short* v. *State, supra,* it was recognized that a soft drink bottle could be used in the same manner as a bludgeon, billy, club or blackjack, and could be used in a dangerous or deadly manner.

It is more than obvious that a knife is capable of being used as a dangerous or deadly weapon, and it is equally obvious that a knife was so used by appellant in this case. The evidence in this case, the sufficiency of which is not challenged, viewed most favorable to the State, *Capps* v. *State* (1967), 248 Ind. 472, 229 N. E. 2d 794, indicates that before and during commission of the rape appellant held a knife in his clenched fist in a menacing manner, that he placed the blade of the knife at his forty-two (42) year old victim's throat and threatened her with death several times, that he threatened, in the common vernacular, to perform an unsophisticated bilateral radical mastectomy upon his victim and that he jabbed the victim's body with the knife several times piercing her breast.

For this court to say, in light of the above facts, that appellant did not satisfy every requisite to a violation of § 10-4709, supra, would be an exercise in semantics not warranted by the language of the statute, by the doctrine of *Ejusdem Generis* or by the findings of fact made in the court below.

The record shows that during the proceedings below the appellant entered a plea of insanity, was afforded a psychiatric examination under the Criminal Sexual Psychopathic Persons Act, Ind. Anno. Stat. § 9-3401 et seq., that the trial below was fairly conducted and that although appellant has been represented by competent counsel throughout these proceedings, no motion to quash the challenged affidavit was ever filed. We are therefore convinced that appellant's cause has been fairly dealt with throughout.

For all of the forgoing reasons the judgment of conviction in this case should be, and is affirmed.

Judgment affirmed.

Arterburn and Lewis, JJ. concur. Jackson, J. dissents with opinion in which Mote, J. concur.

## DISSENTING OPINION

JACKSON, J.—I am not able to agree with conclusions reached in the majority opinion and therefore dissent thereto.

This is an appeal from a conviction on a charge of commission of a felony while armed. Appellant was charged by affidavit, which in pertinent part reads as follows, to-wit:

"BE IT REMEMBERED, That, on this day before me, NOBLE R. PEARCY Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came JAMES F. MELLENE who, being duly sworn, upon his oath says that JAMES LARRY KIDWELL on or about the 6th day of February, A.D. 1964, at and in the County of Marion in the State of Indiana, being then and there over the age of sixteen (16) years, did then and there unlawfully and feloniously commit the crime of rape, by then and there having carnal knowledge of ISABEL J. HEMMINGSEN, a woman, forcibly against her will, she, the said ISABEL J. HEMMINGSEN then and there not being the wife of said JAMES LARRY KIDWELL, while he the said JAMES LARRY KIDWELL was then and there armed with a deadly weapon, to-wit: a KNIFE then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

On February 14, 1964, appellant filed his motion for change of venue from the judge, and pursuant to agreement of the parties, Hon. Glenn W. Funk was selected as special judge.

On June 22, 1964, this matter came on for trial before a jury, and thereafter on the 26th day of June, 1964, the jury returned the following verdict.

"We, the Jury, find the defendant, JAMES LARRY KIDWELL, guilty of Commission of a Felony while Armed, as charged by the Affidavit, and that he shall be imprisoned in the Indiana State Prison for 20 years, and that his age is 19 years."

Following the rendition of the verdict the jury, at the request of the appellant was polled; thereafter the court ordered a pre-sentence investigation and fixed June 29, 1964, for sentencing.

After the filing of the pre-commitment report by the Probation Department, the appellant filed a Motion in Arrest of Judgment alleging therein,

"1. That the defendant was found Guilty of the offense of Commission of a Felony While Armed.
"2. That the facts stated in the affidavit do not constitute a public offense."

Said motion was immediately overruled by the court. On the appointed day appellant was sentenced agreeably to the verdict of the jury and this appeal followed.

Appellant's assignment of error contains the single specification, "[t]hat the Court erred in overruling appellant's motion for new trial."

The motion for new trial contains thirty-five specifications. Only four of the specifications are dealt with by the appellant in the argument section of his brief. All other assignments of error raised in the motion for new trial are waived. Supreme Court Rule 2-17 (f). The assignments of error urged by the appellant in his brief all go to his contention that the facts stated in the affidavit do not constitute a public offense. More specifically, appellant argues that a knife is not a deadly or a dangerous weapon as contemplated and intended under Acts 1929, ch. 55, § 1, p. 139, § 10-4709 Burns' 1956 Replacement, the pertinent parts of which read as follows:

"Any person who being over sixteen [16] years of age, *commits or attempts to commit . . . the crime of rape . . . while armed with a pistol, revolver, rifle, shotgun, machine*

*gun or any other firearm or any dangerous or deadly weapon . . . shall be guilty of a separate felony in addition to the crimes above named. . . ."* (Emphasis supplied).

It is the appellant's position that under the *ejusdem generis* rule a knife cannot be a deadly weapon within the meaning of the above statute. It is a fundamental rule of statutory construction that criminal and penal statutes should be strictly construed in favor of the accused and against the State. *Shaw* v. *State* (1965), 247 Ind. 139, 211 N. E. 2d 172; *Simmons* v. *State* (1955), 234 Ind. 489, 497, 129 N. E. 2d 121; *Kelley* v. *State* (1954), 233 Ind. 294, 298, 119 N. E. 2d 322.

The rule of *ejusdem generis* is that where words of a particular description in the statute are followed by general words that are not so specific and limited, unless there be a clear manifestation of a contrary purpose, the general word or words are to be construed as applicable to persons or things or cases of like kind, as are designated by the particular word or words. In other words, the general words are limited by the specific words. *Short* v. *State* (1954), 234 Ind. 17, 22, 122 N. E. 2d 82; *Dowd, Warden* v. *Sullivan* (1940), 217 Ind. 196, 201, 27 N. E. 2d 82; *McNamara* v. *State* (1932), 203 Ind. 596, 600, 181 N. E. 512.

The pertinent words of the statute are "while armed with a pistol, revolver, rifle, shotgun, machine gun or any other firearm or any dangerous or deadly weapon." By application of the rule of *ejusdem generis* to the statute in question, a knife definitely does not fall within the term "deadly weapon," the specific words all refer to firearms, thus the words "dangerous or deadly weapon" are mere surplusage and in the case at bar are to be disregarded.

Under the statute on which this prosecution is based a knife is not per se a dangerous or a deadly weapon because the term knife is specifically omitted from the statute. In the case at bar we cannot read into the statute a meaning that

is not included therein. We deem it unnecessary to further belabor the subject.

Appellant's position at the trial was that the alleged rape was not a rape, but was a voluntary act on the part of the prosecuting witness with the appellant, and that the element of force did not enter into the act. The jury heard the evidence, including the testimony of the appellant, and by their verdict decided adversely to appellant. In the absence of a clear abuse, we are not inclined to disturb the verdict of the jury, when it is their duty to make the determination as to what evidence they shall believe and that which they may disbelieve.

In the case at bar the crime of rape was consummated and the jury so found by its verdict. The crime of rape is necessarily a lesser and included offense within the purview of the statute " . . . commits or attempts to commit either the crime of rape . . ." (§ 10-4709, Burns', *supra.*)

The cause should be remanded with instructions to the trial court to correct the verdict and judgment heretofore herein rendered to conform to the finding and mandate herein that the appellant is guilty of the crime of rape as defined by Acts 1941, ch. 148, § 3, p. 447, § 10-4201, Burns' 1956 Replacement, and to fix his punishment in accordance with the provisions of such statute.

Mote, J. concurs.

NOTE.—Reported in 230 N. E. 590.