JAMES LARRY KIDWELL *v*. STATE OF INDIANA.

[No. 972S122. Filed May 3, 1973.]

Forrest Bowman, Jr., Martz, Bowman & Kammen, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Harry L. Sauce, III, Deputy Attorney General, for appellee.

GIVAN, J.—This is an appeal from a judgment denying relief on a petition for post-conviction relief filed by the appellant. Appellant had been convicted in 1964 for the crime of the commission of a felony while armed. The appellant perfected an appeal to this Court from that conviction. This Court affirmed appellant's conviction. See Kidwell v. State (1967), 249 Ind. 430, 230 N. E. 2d 590, 11 Ind. Dec. 641.

On October 18, 1971, appellant filed his petition for post-conviction relief. Hearing was held on this petition on March 17, 1972. Following hearing the trial court entered special findings of fact and conclusions of law which read as follows:

"The Court, having heard the evidence in the above entitled Petition for Post Conviction Relief, the argument of counsel and being duly advised now makes the following Special Findings of Fact and Conclusions of Law:

## "SPECIAL FINDINGS OF FACT

"1) Petitioner was tried and convicted by jury.

"2) During the trial petitioner testified in his own behalf.

"3) During the trial petitioner was represented by competent counsel.

"4) Petitioner, prior to commencement of any evidence, agreed that the jury could separate at the close of court each day and should not be sequestered.

"5) During the trial and before verdict, petitioner himself was interviewed and filmed by television news reporters in which petitioner disclosed certain facts involved in his trial.

"6) Petitioner entered a plea of temporary insanity at his trial and his privately employed psychiatrist testified in his behalf.

"7) Petitioner failed to show to this court that either pretrial or in-trial publicity, including petitioners voluntary television presentation, was observed by any juror trying his case.

"8) Petitioner appealed his conviction, asserted only one ground for reversal, namely: that a knife was not a deadly weapon within the meaning of the charging statute. Petitioner's conviction was affirmed by the Supreme Court of Indiana. See KIDWELL v. STATE, 249 IND. 430, 230 N. E. (2d) 590.

"9) Petitioner failed to present to this court any substantial basis or circumstance which would satisfactorily mitigate petitioner's failure to pursue or present his claim that a coerced, involuntary confession was introduced into evidence and that physical evidence was erroneously introduced into evidence against him or that an odium attached to petitioner in the county where he was tried.

"10) Petitioner, by failing to raise the questions of the trial court's rulings on admissibility of evidence and alleged distractions in the courtroom, without explanation, has waived the questions now presented in his petition for post conviction relief.

"11) Petitioner has failed to show to the court where any basic constitutional right was denied him at any stage of the proceedings against him.

"12) The dictum of the Supreme Court of the State of Indiana to the effect that petitioner's cause was fairly dealt with throughout is, in all things, confirmed and approved, and the petition for post conviction relief should be denied.

## "CONCLUSIONS OF LAW

"1) The law of the case is against petitioner.

"2) Where a petitioner raises claims of basic denials of constitutional rights in a petition for post conviction relief and has previously failed to raise these questions on appeal, the burden is upon petitioner to show some substantial basis or circumstance at his hearing which would

satisfactorily mitigate or explain petitioner's failure to pursue the remedy through normal appellate procedural routes.

"3) The petitioner's prayer for post conviction relief in this cause be and the same is hereby denied.

"Dated this 21st day of April, 1972."

Following the overruling of a motion to correct errors, appellant appealed to this Court. We have fully examined the transcript filed in this appeal and have also examined the transcript of record which was filed in the original appeal. This original transcript was introduced in evidence as an exhibit at the hearing on the post-conviction remedy petition. These records entirely support the special findings of fact and conclusions of law made by Judge Kitchen.

The INDIANA RULES OF PROCEDURE FOR POST-CONVICTION REMEDIES provide, in part, as follows:

Rule P. C. 1(A)(1)(d) reads as follows:

"That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;"

Rule P. C. 1(A)(2) reads as follows:

"This remedy is not a substitute for a direct appeal from the conviction and all available steps including those under Post-Conviction Remedy Rule 2 should be taken to perfect such an appeal. Except as otherwise provided in this rule, it comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence and it shall be used exclusively in place of them. This rule supersedes present Supreme Court Rules 2-40, 2-40A, and 2-40B."

And Rule P. C. 1(H) reads as follows:

"All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceed-

ing that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition."

In his petition for post-conviction relief, appellant attempts to raise numerous questions concerning the voluntary nature of a confession made by him, the introduction of physical evidence acquired as a result of a so-called coerced confession and prejudicial publicity surrounding appellant's original trial. These matters obviously were well known to trial counsel at the time of the original trial. The question thus first arises as to whether or not trial counsel did, in fact, diligently pursue these matters in the representation of his client. An examination of the original transcript discloses that counsel did, in fact, make pertinent and proper objections where indicated concerning these matters and did, in fact, following appellant's conviction, file a very comprehensive and well prepared motion for new trial which contained thirty-five specifications of error, including all matters which appellant now seeks to raise in his petition for post-conviction relief.

As observed by this Court in the original appeal, appellant's counsel on the original appeal, who was not the same counsel as the one who represented appellant at the trial, chose not to pursue all thirty-five stated grounds in the motion for new trial.

The next question is, therefore, did counsel for appellant on his original appeal fail to properly represent the appellant when he waived some of the error alleged in the motion for new trial. Included in this record is an Exhibit A filed in the post-conviction hearing, which exhibit is a scrapbook containing numerous newspaper articles beginning with an article which appeared in an afternoon paper after the appellant's initial arrest that morning and continuing through numerous

articles which appeared from time to time throughout the course of the jury trial, including articles which appeared concerning the progress and result of appellant's appeal. An examination of this material and the additional fact that trial counsel for the appellant, although raising the question of adverse publicity, did not seek a change of venue from Marion County to remove the appellant from the area in which the adverse publicity had occurred leads us to the conclusion that appellant's counsel on his original appeal correctly concluded that these questions were of no merit on appeal and would avail the appellant nothing.

On the other hand, we cannot say that trial counsel was guilty of any neglect of duty toward his client in failing to request a change of venue from Marion County. The publicity received in this case was not unusual, nor does there appear to be any misrepresentation of facts in the newspaper accounts as sometimes occurs in cases.

The transcript of evidence which was submitted to the jury through witnesses and exhibits closely parallels the facts as recited in the newspaper accounts.

Some of the publicity in this case was beneficial to appellant in that appellant, through his counsel, sought and received a television interview during his trial wherein he sought to obtain maximum coverage as to his version of the case. Under these circumstances, it can hardly be said that trial counsel's judgment to remain in Marion County was necessarily bad. Counsel was faced with a difficult case. He diligently pursued that line of strategy which then appeared to him to be in the best interests of appellant. The fact that appellant was subsequently convicted does not justify a second-guessing of counsel's strategy to the point of stating that he did not properly represent his client. Quite to the contrary, it appears that the appellant was well represented both at the trial and appellate level. He now comes before this Court seeking to do that which the above quoted

rule specifically prohibits, i.e., he now seeks what in fact amounts to a second appeal from his original conviction again raising those questions which were raised or could have been raised in his original appeal.

We, therefore, hold that the trial judge was correct in his findings of fact and conclusions of law, and that the appellant is not entitled to prevail in his petition for post-conviction relief.

The trial court is, therefore, affirmed.

Arterburn, C.J., Hunter and Prentice, JJ., concur; DeBruler, J., dissents with opinion.

## DISSENTING OPINION

DeBruler, J.—The majority misreads the record in this case. No objection or motion to suppress was directed by defense counsel during the original trial to the admission of the items of evidence which appellant claims were constitutionally inadmissible in this, his first post-conviction petition. Appellant's oral admission of guilt appears in the testimony of Officer Line at the original trial as follows:

"Q.   . . . Will you proceed with the conversation with this defendant at that time?

A.   . . . When I asked if she [victim] could identify him, she said it was him, and at that time she broke down and kept saying, 'Why, did you do it'.

Q.   Who is she?

A.   Mrs. _____.

Q.   The lady sitting at my right?

A.   Yes.

Q.   'Why did you do it' is that what she said?

A.   Yes.

Q.   What did the defendant say when she said that?

A.   He said 'I did not do it' at first, and she kept asking and then he looked at me and he could tell I was a little perturbed. He said, 'If you don't hit me I will tell you I was the one that did it'. I said, 'O.K. we will go outside'. I asked what he did with the stocking

> and knife. He said 'the knife is in my coat pocket in the car' and he said 'the stocking I threw when I was running behind the houses.' So I took him back outside. Previous, before I went outside, I turned him over to the deputy sheriff who placed him under arrest.
>
> Q. What was his name?"

No objection was made to this testimony of Officer Line. The only motion to suppress made by defense counsel was directed to State's exhibit #15, a written confession given at the sheriff's office at a later time. The motion for new trial, while as lengthy as described by the majority contains no reference whatsoever to any error having been committed by the trial court in receiving the items of evidence complained of by appellant here. Indeed, in the absence of an in-trial objection or a motion to suppress, there would be none. The failure to object at trial constitutes a waiver on appeal attributable to the appellant. It is therefore obvious to me that the trial court erred in making the following conclusion of law:

> "2. Where a petitioner raises claims of basic denials of constitutional rights in a petition for post conviction relief and has previously failed to raise these questions on appeal, the burden is upon petitioner to show some substantial basis or circumstance at this hearing which would satisfactorily mitigate or explain petitioner's failure to pursue the remedy through normal appellate procedure routes."

There was no failure here to pursue any remedy through the normal appellate routes. I would therefore reverse the trial court denial of the petition on this ground and order a new hearing.

In addition, I will not examine the entire transcript of the original trial to determine whether or not defense counsel at trial engaged in an acceptable strategy as contemplated by *Henry* v. *Mississippi* (1965), 379 U.S. 443, 85 S. Ct. 564, 13 L. Ed. 2d 408, in not objecting to these items of evidence, or in not taking a change of venue from Marion County, as

that issue has not been raised in the post conviction petition nor litigated in the hearing upon the petition.

NOTE.—Reported in 295 N. E. 2d 362.