ROBERT L. GREER *v.* STATE OF INDIANA.

[No. 174S16. Filed January 30, 1975. Rehearing denied March 19, 1975].

*Ferd Samper, Jr., Ferdinand Samper, Sr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *David A. Miller,* Deputy Attorney General, for appellee.

ARTERBURN, J.—Appellant Robert Greer and his brother, James Greer, were tried by a jury and convicted of the crimes of Robbery and Inflicting Injuries in the Commission of a Robbery. They were sentenced to life imprisonment. They appealed, and the conviction was affirmed by this Court. *Greer v. State* (1970), 253 Ind. 609, 255 N.E.2d 919. Robert Greer then filed a post-conviction petition pursuant to Rule PC. 1. The petition was dismissed upon a motion by the State, and this appeal from that dismissal has followed.

As grounds for post-conviction relief, Appellant alleged as follows:

"As a matter of law, the evidence presented by the State of Indiana, was insufficient to convict. The Court erred in denying my motion for directed verdict.

There was no evidence presented at trial, either direct or circumstantial, which tended to link me with the crime. I feel that I was convicted only because I am James' brother, the evidence against him was strong, and there was supposedly two people involved in the robbery."

The sufficiency of the evidence was an issue not argued on the original direct appeal although that issue was properly preserved for appeal by the Motion for New Trial filed by the retained trial attorney. In other words, Appellant's appointed appellate attorney, who was not his trial attorney, chose not to pursue this issue on appeal.

This case has in substance the same posture as *Kidwell* v. *State* (1973), 260 Ind. 303, 295 N.E.2d 362. In that case an appellant in a post-conviction petition raised several issues which had been preserved by the Motion for New Trial but had not been pursued on appeal. The post-conviction petition, like the petition in this case, did not explain this failure to

raise these issues on the direct appeal. *See, Langley* v. *State* (1971), 256 Ind. 199, 267 N.E.2d 538. Therefore, the trial judge in *Kidwell* ruled on the post-conviction petition by a "Special Findings of Fact and Conclusions of Law" which said that Appellant "had waived the questions now presented in his petition for post-conviction relief." *Kidwell, supra,* 295 N.E.2d at 363. In considering the appeal of this denial of post-conviction relief, this Court affirmed the trial judge. In our opinion we noted that appellate counsel had chosen not to pursue all the stated grounds in the Motion for New Trial. We went on to say: "The next question is, therefore, did counsel for appellant on his original appeal fail to properly represent the Appellant when he waived some of the error alleged in the motion for new trial." *Kidwell, supra,* 295 N.E.2d at 364.

Thus, we recognized that a post-conviction petition which attempts to raise issues waived on appeal implicitly alleges incompetent representation on the part of appellate counsel. Furthermore, in the interests of judicial economy we decided that issue at once rather than putting all involved to the effort of litigating a new post-conviction procedure with a petition alleging incompetent post-conviction representation for the failure of the post-conviction attorney to allege incompetent appellate representation. Rule PC. 1(8). We have previously warned that the post-conviction remedies are not "super appeals." *Langley, supra,* 256 Ind. at 210. There is no right to perpetual litigation on the part of a defendant in a criminal case.

Appellant suggests that the case of *McKinley* v. *State* (1969), 253 Ind. 187, 252 N.E.2d 420, requires that the issue in question be litigated by an evidentiary post-conviction hearing. However, in that case the issue had not been preserved in the Motion for New Trial. Moreover, the reason for the inadequate motion for new trial was apparently that an attorney other than the one appointed for the trial had been appointed to prosecute the appeal but this appointment was

made only one business day prior to the date for filing a Motion for New Trial. Thus, neither the defendant nor his attorney could in fairness be held responsible for the waiver of the issue in question. In the instant case, Robert Greer has had a different attorney for each stage: trial, appeal, and post-conviction remedy. But, only the appellate counsel was appointed.

We think that this case has the same posture as *Kidwell* even though technically the post-conviction petition was dismissed rather than denied and even though the trial judge made no specific findings of fact or conclusions of law. PC. 1(6). Justice is served by recognizing at this time that Appellant, in essence, is claiming that the failure of his appellate attorney to pursue the sufficiency of the evidence issue amounts to incompetent representation as a matter of law. Incompetency of counsel revolves around the particular facts of each case. *Thomas* v. *State* (1969), 251 Ind. 546, 242 N.E.2d 919. There is a presumption that counsel has been competent. *Haddock* v. *State* (1973), 260 Ind. 593, 298 N.E.2d 418; *Payne* v. *State* (1973), 261 Ind. 221, 301 N.E.2d 514; *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499. It requires strong and convincing evidence to rebut this presumption. *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686; *Robbins* v. *State* (1971), 257 Ind. 273, 274 N.E.2d 255. What the attorney did or did not do must have made the proceedings a mockery of justice shocking to the conscience of the reviewing court. *Payne, supra.* We do not second-guess tactics or strategy. *Blackburn, supra.*

The facts of this case were fully set out in the opinion on the direct appeal. *Greer, supra.* It is sufficient to reiterate that two men brandishing sawed-off shotguns robbed a tavern and in making their escape shot two police officers. The robbers were described by the clothing they wore, height, and approximate weight; but, their faces were hidden by the ski masks which they wore. During the search of the neighborhood which followed the robbery, Appellant Robert Greer

was seen carrying a sawed-off shotgun running from the rear of one house to another. The ski masks and other clothing worn by the robbers were found in the home of James Greer. Robert Greer was apprehended during the course of the neighborhood search. Under these circumstances, we can not say that the appellate attorney made a mockery of the appeal by his decision to argue the difficult search and seizure issues which he did and to forego the sufficiency of the evidence issue. This was a matter of appeal strategy which we do not second-guess.

The judgment of the trial court in dismissing the post-conviction petition is affirmed.

Givan, C.J., Hunter, Prentice, JJ., concur; DeBruler, J., dissents with opinion.

## DISSENTING OPINION

### I.

DeBruler, J.—One will not find in the Bill of Rights any recognition that the "interests of judicial economy" permit this or any other court to ignore the fundamental rights of litigants. Appellant has the constitutional right, when appearing before this Court, to be heard by counsel. Article 1, § 13, Indiana Constitution. The Sixth Amendment to the United States Constitution guarantees the same right to this appellant. This Court has subjected a claim of insufficiency of the evidence and a claim of ineffective appellate representation, erected by it on behalf of appellant, to litigation and judicial decision, without the appellant having been afforded an opportunity to present legal briefs on the issues or to be heard in any manner. To entertain the merits of a claim in this manner, is a palpable violation of due process of law.

### II.

Following the affirmance of his conviction on direct appeal by this Court, the appellant filed this, his first post-conviction petition. The trial court dismissed the petition upon motion

of the State without a hearing. In its motion to dismiss, the State contended that the sufficiency issue had been fully and finally adjudicated at the trial resulting in conviction and that that judgment was affirmed on direct appeal, and therefore the petition did not state a claim upon which relief could be granted. PC. 1, § 4(e) and (f).[1] The motion to correct errors filed after the jury trial, as well as the opinion of this Court on the direct appeal, were in the record before the trial judge at the post-conviction proceeding which resulted in this dismissal. The documents disclose without question that the motion to correct errors contained an allegation that the evidence was insufficient to support the verdict of the jury, and that the merits of this issue were not considered by this Court in the original appeal. The State concedes this in its brief. Upon specific consideration of these documents, the trial court tersely dismissed the petition.

Appellant's allegation that the evidence adduced at the trial was insufficient to warrant the jury's verdict was not considered by this Court in appellant's direct appeal for the reason that no argument in support of this allegation in the motion to correct errors was included in appellant's brief. AP. Rule 8.3. Appellant contends in his motion to correct errors addressed to the order of dismissal as well as in his brief in this appeal that the trial court should grant a hearing upon his post-conviction petition in accordance with our holding in *McKinley* v. *State* (1969), 253 Ind. 187, 252 N.E.2d 420. In *McKinley,* the appellant argued on appeal for the first time that the State had absolutely failed to prove an essential element of the crime of which he stood convicted.

---

1. "(e)   If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings.

"(f)   The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court may ask for oral argument on the legal issue raised. If an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible."

We held that since he had failed to present this contention to the trial court in his motion for new trial, this Court could not consider the merits of it on appeal, and relegated the appellant to a post-conviction petition under PC. 1, which would serve as an avenue to an appellate review of the insufficiency allegation in the event the trial court denied post-conviction relief.

One factor serves to distinguish the case at bar from *McKinley, supra.* In *McKinley* the appellant did not include the allegation that the evidence was insufficient in his motion for new trial. Here, the appellant did include the allegation in his motion to correct errors, and the trial court considered and denied the motion to correct errors, and in so doing determined that in his judgment the evidence had been sufficient to convict.

However, this difference in the two cases should not serve to place appellant in a less advantageous position to achieve appellate review of his omitted allegation. Appellant should have an avenue open to avoid the waiver imposed by AP. Rule 8.3(A),[2] just as McKinley had an avenue open to avoid the waiver imposed by Rule 1-14(B). (New TR. 59[G])[3]

---

2. "(A)    Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated: * * *

"(7)    An Argument. Each error assigned in the motion to correct errors that appellant intends to raise on appeal shall be set forth specifically and followed by the argument applicable thereto. If substantially the same question is raised by two or more errors alleged in the motion to correct errors, they may be grouped and supported by one argument. The argument shall contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the authorities, statutes, and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review.

". . . *Any error alleged in the motion to correct errors not treated as herein directed shall be deemed waived.*" (Emphasis added.)

3. · "(G)    Motion to correct error a condition to appeal. In all cases in which a *motion to correct errors* is the appropriate procedure preliminary to an appeal, such motion shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion. *Issues which could be raised upon a motion to correct errors may be considered upon appeal only when included in the motion to correct errors filed with the trial court.*" (Emphasis added.)

This avenue is provided by PC. 1. I would reverse the judgment of the trial court dismissing appellant's post-conviction petition and remand the case for the conduct of an evidentiary hearing.

Since the trial court has already ruled upon the merits of appellant's insufficiency allegation, that issue would not be before the trial court again on remand. The issue would be whether or not the appellant should be bound by the waiver imposed by AP. Rule 8.3. This issue would properly be resolved in the trial court by consideration of: (1) the nature of right asserted in the allegation of error; (2) the effectiveness of appellate counsel; and (3) whether there exists some substantial basis or circumstances which would satisfactorily mitigate or explain petitioner's failure to include the omitted argument in his brief. *Kidwell* v. *State* (1973), 260 Ind. 303, 295 N.E.2d 362; *Langley* v. *State* (1971), 256 Ind. 199, 267 N.E.2d 538. If the post-conviction petition should be granted upon a determination of no-binding waiver, the appellant should be granted the right to pursue his appellate review in the appropriate appellate tribunal. PC. 1, § 6. For the foregoing reason, I dissent.

NOTE.—Reported at 321 N.E.2d 842.