James Edward TALLEY, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 3–682A120.

Court of Appeals of Indiana,
Third District.

Nov. 30, 1982.

Rehearing Denied Feb. 3, 1983.

Susan K. Carpenter, Public Defender, Joseph Oddo, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia Sue Stanley, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

James Edward Talley filed a petition for post-conviction relief. The trial court denied his petition and Talley appeals. Four issues are raised on appeal:[1]

    (1) Whether Talley received adequate legal representation at trial and on appeal;

    (2) Whether Talley was denied a fair trial by prosecutorial misconduct;

    (3) Whether the State used perjured testimony against Talley at his trial; and

    (4) Whether the jury viewed inadmissible evidence outside the courtroom.

We affirm.

The judge presiding over the hearing on Talley's petition for post-conviction relief made the following findings and conclusions:

    "1. That on May 2, 1977 two counts of First Degree Arson were filed against Defendant.

    "2. That on December 27, 28, 29 and 30, 1977 a Jury trial was held with a verdict of guilty as to only one count of First Degree Arson.

    "3. That Defendant appealed said conviction and the Indiana Court of Appeals official opinion affirming the conviction was received and filed by the Trial Court on June 20, 1980.

    "4. That Defendant surrendered on June 26, 1980 and was committed to the Indiana Department of Corrections.

    "5. That Defendant filed a Post Conviction Relief Petition on July 2, 1981 and an amendment thereto on November 13, 1981.

    "6. That hearing was held on said Post Conviction Relief on January 7, 1982.

    "7. That at said hearing the Defendant presented evidence and arguments regarding the allegations of (a) Ineffective assistance of counsel, (b) Perjury of Officer Walda, (c) Prosecutor's misconduct, (d) Presence of inadmissible evidence in or about Courtroom while Jury present, (e) Sufficiency of evidence, (f) Alibi witness, Teri Pace, and (g) Instructions to Jury.

    "8. That Court finds items (e), (f) and (g) were covered in the appeal and disposed of therein except as they may relate to the allegation of inadequate counsel.

    "9. That in regards to allegation of fire equipment having been in presence of Jury improperly, the Court finds that such evidence was being transported to Court by State's witnesses down the Courthouse hallway at same time Jury was in hallway for recess. That said items were in a box on a cart and were not admitted into evidence at trial. That Defendant testified that Jury could have seen the items although his father's testimony was uncertain whether Jury could have seen same. Court further finds that this evidence was not displayed in front of Jury in open Court and that Defendant

1. The issues have been consolidated and re-numbered.

has not sustained his burden of proof that the items were ever seen by the Jury or that any prejudice resulted thereby. The Jury was instructed as to what was proper evidence to consider and there is no evidence that the Jury did not comply with this instruction of Court.

"10. That the allegation of Prosecutor's misconduct involved questions on cross-examination that would have been better unasked, the Court does not find said questions to have denied Defendant a fair trial or breached any issue of fundamental fairness of trial.

"11. That the allegation of perjury of Officer Walda is based on his testimony regarding certain undated photographic exhibits versus the testimony of Defendant's father that during Jury deliberations the Officer stated he was not exactly sure when photographs were taken. That such facts do not constitute perjury and record indicates that Defendant adequately cross-examined witness regarding this evidence.

"12. That the allegation of inadequacy of counsel is based on examination of witnesses and Defendant and alleged failure to make certain objections. The Court finds that counsel for Defendant represented Defendant from May 6, 1977 through the appeal process. That Defendant's counsel had practiced law for eleven (11) years prior to trial, five (5) years of which had been almost exclusively in field of criminal law as trial prosecutor and as public defender. That Defendant's counsel had made certain decisions as to strategy which he had discussed with Defendant regarding his defense of this cause. That Defendant's counsel filed and pursued motions for change of Venue and of Judge, for discovery, for suppression of evidence, and in limine prior to trial. That counsel engaged in four (4) days of Jury trial in this cause and pursued to conclusion a full appeal to Court of Appeals. Court finds that counsel presented adequate and above average representation of Defendant in this cause. That Defendant has failed to sustain the burden of showing said defense to be a sham or inadequate."

■ Because Talley is appealing from the denial of his petition for post-conviction relief, he is in the position of one appealing from a negative judgment. In a post-conviction relief proceeding, the petitioner has the burden of proving his claims by a preponderance of the evidence. The trial court judge is the sole judge of the credibility of witnesses and the weight of the evidence. His determination will be reversed on appeal only if the evidence is not conflicting and leads unerringly to a contrary result. *Henson v. State* (1982), Ind., 436 N.E.2d 79; *Johnson v. State* (1980), Ind., 406 N.E.2d 1170.

I.

Adequate Legal Representation

■ Talley contends that his attorney provided inadequate representation both at trial and on appeal. The standard of review of the competency of counsel is whether the proceedings, taken as a whole, were a mockery of justice, and whether the defendant received adequate legal representation. Furthermore, there is strong presumption that counsel was competent and convincing evidence is required to rebut that presumption. *Henson v. State* (1982), Ind., 436 N.E.2d 79.

■ In contending that his counsel was incompetent at trial, Talley alleges one pretrial error and four trial errors. First, Talley asserts that his counsel failed to file a notice of alibi prior to trial. Consequently, Terri Pace, an alibi witness, was not allowed to testify in Talley's behalf. The trial record shows that defense counsel called Ms. Pace to the stand and she answered questions regarding Talley's activities on the day of the fires. The State then moved to strike her testimony on the grounds that no alibi notice had been filed. The motion was granted. At the evidentiary hearing on the petition, Talley's trial counsel testified that he had interviewed Ms. Pace prior to trial and decided not to file a notice of alibi because she said that

Talley left her prior to the time the fire was set. The trial court's subsequent ruling that Ms. Pace was an alibi witness does not render counsel's judgment incompetent. We will not use hindsight or second-guess strategic or tactical decisions in determining whether counsel was competent. *Adams v. State* (1982), Ind., 430 N.E.2d 771.

■ Talley also claims that his attorney was incompetent because he failed to object to testimony regarding other fires. At the evidentiary hearing, Talley's trial counsel testified that he allowed the State to introduce evidence of other fires as part of his defense strategy. Decisions made by trial counsel as to strategy and tactics may not show incompetency of counsel despite the fact, in retrospect, those decisions may appear incorrect or may have hurt the defense. *Morris v. State* (1980), Ind., 409 N.E.2d 608; *Jackson v. State* (1975), 264 Ind. 54, 339 N.E.2d 557. Likewise, the errors Talley alleges in counsel's failure to prevent the admission of evidence regarding firefighting equipment found in Talley's house, counsel's cross-examination of witnesses and counsel's direct examination of Talley are strategic or tactical decisions which we will not second-guess.

Finally, Talley alleges that his counsel was incompetent because he failed to move for a mistrial after several instances of prosecutorial misconduct. Not only could such an omission be considered a tactical decision, but we find, *infra,* that the prosecutor was not guilty of such misconduct as would require a new trial; therefore Talley was not prejudiced by his attorney's failure to object.

The record contains evidence to support the trial court's determination. Talley's

privately-retained counsel filed pre-trial motions, prepared for trial, cross-examined the State's witnesses and called and examined six defense witnesses, including Talley himself. In addition, counsel consulted with Talley about his defense.[2]

■ Talley alleges two errors which he claims constitute incompetent counsel on appeal. First, he argues that counsel failed to properly preserve any error regarding Instruction No. 2 by failing to object at trial. Failure to raise an issue on appeal does not, alone, demonstrate incompetent counsel. *See Kidwell v. State* (1973), 260 Ind. 303, 295 N.E.2d 362. Counsel filed a timely appeal and presented this Court with a timely brief setting forth and arguing several issues. We will not second-guess the strategic decisions made either at trial or on appeal. *Greer v. State* (1975), 262 Ind. 622, 321 N.E.2d 842.

Second, Talley alleges that counsel failed to properly raise his objection to Instruction No. 3. This Court considered Instruction No. 3 on appeal, so the alleged failure to raise the issue properly does not prove that counsel was incompetent.

■ There was evidence to support the trial court's determination that Talley's counsel provided competent representation both at trial and on appeal. Therefore, we will not overturn that determination.[3]

## II.

### Prosecutorial Misconduct

■ Talley raises four specific instances in which he contends prosecutorial misconduct denied him a fair trial.[4] Conduct

---

**2.** Several months after trial, counsel prepared affidavits for Talley and his father which were attached as exhibits to the petition for post-conviction relief.

**3.** In this appeal from the denial of his petition for post conviction relief, Talley again asks this Court to weigh the evidence introduced at his trial. He now asserts that, had his trial counsel been competent, much of the evidence against him would not appear on the record and the evidence admitted would not have been sufficient to support his conviction. Talley's trial

counsel was not incompetent. We have previously held that the evidence against Talley was sufficient, and we refuse to reconsider an issue which has already been decided.

**4.** Talley failed to object to any of the instances of alleged prosecutorial misconduct at trial. Although the issue was available for review upon direct appeal of his conviction, Talley failed to raise it. A post-conviction relief proceeding is not a substitute for a direct appeal and normally cannot be used to raise issues which were available at the time the original

by the prosecutor requires that a conviction be reversed if, first, the prosecutor in fact engaged in misconduct and, second, the misconduct placed the defendant in "grave peril." *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843. "Grave peril" depends on the probable effect of the conduct on the jury. It may be created by repeated instances of misconduct which alone may not justify a reversal. *Id.*

Talley chose to testify at his trial. The first question the prosecutor asked Talley on cross-examination was to define the word "pyromaniac." Defense counsel did not object to the question. At the evidentiary hearing on Talley's petition, the prosecutor testified that he believed, based on the evidence, that Talley was a pyromaniac. Furthermore, he asked Talley what the word meant, but he did not call Talley a pyromaniac in front of the jury.[5] Talley failed to prove by a preponderance of the evidence that the prosecutor lacked a good faith basis for asking the question; too, he failed to show that the question placed him in grave peril.

During cross-examination, the prosecutor asked Talley whether he set fire to his own house in order to "get" the man who was supposedly sleeping in the house at the time. Talley asserts that this question is misconduct which warrants reversal because the prosecutor had no basis for asking the question. At the evidentiary hearing, the prosecutor testified that it was part of his theory of the case that the defendant set the fire following an argument with the man over a parking space. The question was relevant to Talley's motive in setting the fire. Talley again failed to prove that the question placed him in grave peril. The record contains evidence supporting the trial court's determination and we will not disturb it.

Talley also asserts that the prosecutor asked questions which implied that he stole a van in order to sell a burglar alarm system. This line of questioning was objected to by defense counsel and the objection was sustained. There was no testimony from which the jury could have inferred that Talley stole a van; therefore, Talley was not placed in peril.

■ Talley's final allegation is that he was denied his right to due process, as established by the Supreme Court in *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, by the prosecutor's failure to bring to trial a photograph of Talley's house. To protect the defendant's due process rights, failure to comply with a specific pre-trial request made by the defense warrants reversal "if the evidence might have affected the outcome of the trial." *United States v. Agurs* (1976), 427 U.S. 97, 104, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342; *Richards v. State* (1978), 269 Ind. 607, 382 N.E.2d 899, *cert. denied*, 440 U.S. 965, 99 S.Ct. 1515, 59 L.Ed.2d 781. If a general request or no request has been made, the evidence not provided must create a reasonable doubt before the conviction will be reversed. *Richard, supra.*

The photograph at issue allegedly showed a hole in the wall of Talley's house. Talley claims that this hole provided anyone with access to notepads in his home. These notepads were similar to paper used to start the fire and their presence in his home was used as evidence against Talley. The evidence at the hearing was conflicting as to whether a specific request for the photograph was made. Where the evidence is conflicting, we will not overturn the trial court's determination. In addition, Talley testified at trial as to the hole in his wall.

appeal was taken. *Riner v. State* (1979), Ind., 394 N.E.2d 140, 144. The issue would be considered waived, and we would not consider it here had the State raised the issue of waiver in the trial court. Since the State failed to raise the objection of waiver in the trial court, we must consider the issue on the merits. For the State to contend waiver in its brief for the first time on appeal is meaningless. *Langley v. State* (1971), 256 Ind. 199, 267 N.E.2d 538, 543

n. 2; *Ives v. State* (1982), Ind.App., 436 N.E.2d 370, 372; *Roberts v. State* (1981), Ind.App., 419 N.E.2d 803, 808 n. 6.

**5.** The prosecutor's remark cited in Talley's brief—that certain evidence would give the jury "a picture of his mind, what's going on, the pyromania," Brief of Appellant at 52—was made outside the presence of the jury.

Therefore, Talley failed to meet his burden of proof that the evidence might have affected the outcome of the trial.

In each instance of alleged misconduct, there is evidence to support the trial court's determination.

## III.

### Use of Perjured Testimony

Talley contends that the State denied him a fair trial by using perjured testimony against him. In support of this contention, Talley cites conflicting testimony and alleged inconsistencies between testimony and photographs introduced into evidence.[6] Neither of these allegations are sufficient to prove that the State used perjured testimony.

Talley asserts that the testimony of the two officers who investigated the fire is not consistent. He also asserts that Officer Walda testified that certain photographs admitted into evidence were taken at night although the photographs themselves were taken during the day. Any inconsistencies at Talley's trial between the testimony of Officer Walda and the testimony of Officer Phillips would raise a question for the jury as to their credibility, but would not constitute perjury. Likewise, any inconsistency between Officer Walda's testimony and the photographs would affect his credibility and the weight to be given to the evidence. We will neither reweigh the evidence nor judge the credibility of the witnesses. *Tessely v. State* (1982), Ind., 432 N.E.2d 1374. The trial court did not err in determining that Talley failed to prove any use of perjured testimony at his trial.[7]

## IV.

### Jury View of Evidence

Talley contends that his conviction should be overturned because the jury saw inadmissible evidence outside the courtroom. At the hearing on his petition for post-conviction relief, Talley testified that, during a recess, members of the jury were in the hallway outside the courtroom at the same time as a cart containing firefighting equipment was being wheeled toward the courtroom. Talley's father testified that he could not recall whether the jury saw the equipment. The equipment was removed from the courtroom before the jury entered.

The trial judge was the finder of fact at Talley's post-conviction hearing. He questioned the witnesses carefully as to precisely when and where the incident occurred. The evidence was conflicting as to whether the jury actually saw the equipment. The determination of the trial judge will be set aside only if the evidence does not conflict and leads only to a conclusion not reached by the trial court. *Riner v. State* (1979), Ind., 394 N.E.2d 140, 142. There is evidence to support the determination of the trial court on this issue; therefore, we will not set that determination aside.[8]

HOFFMAN, P.J., and GARRARD, J., concur.

---

6. At the hearing, Talley's father testified that Officer Walda, after testifying that the photographs were a true and accurate representation of the crime scene, told Talley's father that the photographs were not stamped with a date and he was not certain when they were taken. This argument was not pursued on appeal. Furthermore, this evidence does not lead only to the conclusion that the State used perjured testimony, so the determination of the trial court will stand.

7. This information was available to Talley before his original Motion to Correct Errors was filed. Therefore this issue likewise would be considered waived but for the State's failure to assert waiver in the court below. *Langley v. State, supra; Roberts v. State, supra. See* note 2, *supra*, for discussion of waiver in post-conviction relief proceedings.

8. This claim as well was available to Talley at the time of his original appeal. It, too, would be considered waived had the State asserted waiver at the proper time in the proceeding. However, we must consider the issue on its merits. *Langley v. State, supra; Roberts v. State, supra. See* discussion of waiver at note 2, *supra*.