978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David HARRISON, Petitioner-Appellant,
v.
Thomas D. RICHARDS and Indiana Attorney General,
Respondents-Appellees.
 No. 92-1128.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 14, 1992.*
Decided Oct. 23, 1992.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 A break-in and robbery at an Indianapolis electronics store on the morning of October 9, 1978 lead a jury to convict David Harrison of burglary and theft, violations of IND.CODE §§ 35-43-2-1 and 35-43-4-2 respectively. On January 16, 1980, the trial court sentenced him to concurrent terms of five and two years. The Court of Appeals of Indiana, Fourth District, affirmed the judgment of the trial court. Harrison v. State, 424 N.E.2d 1065 (Ind.App.1981). The Indiana Supreme Court subsequently denied a petition for transfer.
 
 
 2
 Harrison thereafter filed a petition for postconviction relief, which the state trial court denied. The Court of Appeals of Indiana affirmed in an unpublished order. After the Indiana Supreme Court denied transfer, Harrison filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Except for the question of ineffective assistance of counsel, the district court found all other issues waived. In a subsequent order the district court addressed the ineffective assistance claim and denied the writ on the merits. Harrison now appeals pro se from that decision. Finding that the district court need not and should not have reached the merits of Harrison's petition, we vacate its judgment.
 
 
 3
 When presented with a petition for habeas corpus relief, a federal district court first must determine the procedural status of the cause of action. United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1132 (7th Cir.1990); Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir.1988), cert. denied, 490 U.S. 1009 (1989). The district court found that there was no doubt "that the ineffective assistance of counsel issue has been effectively raised and preserved for presentation here under 28 U.S.C. § 2254." Harrison v. Richards and Indiana Attorney General, No. S 91-1685, slip op. at 2 (N.D.Ind. Sept. 6, 1991).
 
 
 4
 In order to assess whether a party has procedurally defaulted, a district court must make a two-fold determination: at what particular point in the state-court proceedings did the petitioner raise an issue, and what specific arguments did he advance in support of that claim. The pertinent section of the Indiana postconviction rules states as follows:
 
 
 5
 Waiver of or failure to assert claims. All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the petition.
 
 
 6
 Ind.Rule PC 1, § 8 (emphasis added).
 
 
 7
 We have interpreted this rule to mean that "[i]ssues that could have been raised on direct appeal, but were not, are generally considered waived for purposes of the Indiana post-conviction remedy." Sotelo v. Indiana State Prison, 850 F.2d 1244, 1252 (7th Cir.1988) (footnote omitted) (citing Williams v. Duckworth, 724 F.2d 1439 (7th Cir.1983), cert. denied, 469 U.S. 841; Greer v. State, 321 N.E.2d 842, 844 (1975)). Cf. Kurina v. Thieret, 853 F.2d 1409, 1412 (7th Cir.) (similar discussion of waiver in the context of Illinois state law), cert. denied, 489 U.S. 1085 (1988). However, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar." Harris v. Reed, 109 S.Ct. 1038, 1043 (1989) (citations omitted).
 
 
 8
 Once specific issues are waived under state law, a petition for habeas corpus can resurrect those issues only if the petitioner demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law, or if he shows that a fundamental miscarriage of justice will result if the district court does not consider the claims. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Ylst v. Nunnemaker, 111 S.Ct. 2590, 2593 (1991). See also Burgin v. Broglin, 900 F.2d 990, 996-997 (7th Cir.1990); Cartee v. Nix, 803 F.2d 296, 303 (7th Cir.1986), cert. denied, 480 U.S. 938 (1987).
 
 
 9
 On direct appeal to the Court of Appeals of Indiana, Harrison did not present any of the arguments he subsequently alleged in the motion for postconviction relief. Indeed, the Court of Appeals of Indiana stated in Harrison, supra, that the "defendant cites one example purporting to show ineffective counsel: failure by his attorney to call as a witness the emergency room physician who had sutured the defendant's arm several hours before the burglary." Id. at 1070 (emphasis added). The court, incidentally, found no merit to this claim. In his state court petition for postconviction relief, Harrison again raised the ineffective assistance claim, this time basing it not on his lawyer's alleged failure to call the emergency room doctor, but instead on four different grounds. Affirming the denial of the petition for postconviction relief, the Court of Appeals of Indiana held that Harrison could not relitigate the ineffective assistance issue in a postconviction proceeding. See Gross v. State, 320 N.E.2d 817, 820-821 (Ind.Ct.App.1974) (argument available when petitioner prosecuted original appeal, and inseparably related to argument on appeal, must be deemed waived in postconviction proceedings) (citation omitted). Harrison offers no explanation for his failure to present on direct appeal the four additional bases alleging ineffective assistance. From this omission, it is not unreasonable to conclude that he did not properly develop his argument on appeal. See Ind.R.App.P. 8.3(a)(7); Adams v. State, 430 N.E.2d 771, 775 (Ind.1982).
 
 
 10
 Because the Supreme Court of Indiana denied Harrison's petition to transfer, the Court of Appeals of Indiana became the last state court to render a decision "clearly and expressly" stating that its judgment rested on a state procedural bar. Ylst, 111 S.Ct. at 2594; Clark v. Duckworth, 906 F.2d 1174, 1178 (7th Cir.1990). Harrison demonstrated neither cause nor prejudice. Therefore the district court erroneously addressed the merits of the issues presented.
 
 
 11
 For the foregoing reasons, the judgment of the district court is VACATED and this cause is REMANDED with instructions to dismiss the petition with prejudice.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record